FILED-ED4

04 MAR 31 PM 3:27

PJR/kg

Our File No. 5574-24545

CLERK
U.S. IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

APR 0 1 2004

SANDRA L. VALENTINO and
WILLIAM P. BRAMANTI,

Plaintiffs,

v.

VILLAGE OF SOUTH CHICAGO HEIGHTS,
PAUL PETERSON and MAYOR DAVID
OWEN, in their Official and Individual
Capacity,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

04C 2373

JUDGE HIBBLER

MAGISTRATE JUDGE ASHMAN

## NOTICE OF FILING

TO:     Kurtz Law Offices, LLC
        Dana L. Kurtz
        75 East Wacker Drive, Suite 700
        Chicago, IL 60601

Please take notice that I caused to be filed with the Clerk of United States District Court for the Northern District of Illinois, Eastern Division, Dirksen Building 219 South Dearborn, Chicago, IL, on March 31, 2004, the attached defendant, Village of South Chicago Heights' appearance, jury demand, notice of removal and civil cover sheet, copies of which are attached hereto and is herewith served upon you.

DOWD & DOWD, LTD.

By:

Attorneys for defendant,
VILLAGE OF SOUTH CHICAGO HEIGHTS

## PROOF OF SERVICE

I, a non-attorney, being first duly sworn upon oath, deposes and states that I served the attached Notice to counsel of record herein, by depositing a true and correct copy of same, First-Class Mail postage prepaid, in the U.S. Mail, located at 55 West Wacker Drive, Chicago, Illinois, at or before 5:00 P.M., on March 31, 2004.

SUBSCRIBED and SWORN to before me
this 31st day of March 2004.

OFFICIAL SEAL
CONNIE VAUGHN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-19-2006

NOTARY PUBLIC

1-1

PJR/kg

FILED-ED4

27 :C HH IE ЯAM 40

U.S. DIS ...

Our File No. 5574-24545

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 0 1 2004

SANDRA L. VALENTINO and
WILLIAM P. BRAMANTI,

      Plaintiffs,

    v.

VILLAGE OF SOUTH CHICAGO HEIGHTS,
PAUL PETERSON and MAYOR DAVID
OWEN, in their Official and Individual
Capacity,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

04C 2373

JUDGE HIBBLER

MAGISTRATE JUDGE ASHMAN

## DEFENDANT, VILLAGE OF SOUTH CHICAGO HEIGHTS'
## NOTICE OF REMOVAL

NOW COMES the defendant, VILLAGE OF SOUTH CHICAGO HEIGHTS, by and

through its attorneys, Dowd & Dowd, Ltd., and pursuant to 28 U.S.C. Section 1441(b), petitions

for this action, originally styled *Sandra Valentino and William P. Bramanti v. Village of South*

*Chicago Heights, Paul Peterson and Mayor David Owen*, 04 L 2517, to be removed to the

United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28

U.S.C. Section 1441(b), defendant states as follows:

    1.    On March 3, 2004, plaintiffs VALENTINO and BRAMANTI filed a complaint in

the Circuit Court of Cook County, Illinois, alleging retaliatory discharge (Count I), defamation

and slander (Count II) and violation of the First Amendment 42 U.S.C. Section 1983.

    2.    Count III of the complaint is directed against all defendants and claims that each

of the defendants, individually and in their official capacities, violated plaintiffs' First

Amendment Rights. (Copies of summons and complaint are attached hereto Exhibits "A" and "B").

3.      Counsel for the VILLAGE has conferred with defendants PETERSON and OWEN and each consents to the removal of this case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, pursuant to 28 U.S.C. Section 1441(b), defendant, VILLAGE OF SOUTH CHICAGO HEIGHTS, prays that the record of the Circuit Court of Cook County, *Sandra L. Valentino and William P. Bramanti v. Village of South Chicago Heights, Paul Peterson and Mayor David Owen*, No. 04 L 2517, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,
DOWD & DOWD, LTD.

By: _____

Attorneys for defendant,
VILLAGE OF SOUTH CHICAGO HEIGHTS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

SANDRA L. VALENTINO and WILLIAM P. BRAMANTI,

      Plaintiffs,

    v.

VILLAGE OF SOUTH CHICAGO HEIGHTS, PAUL PETERSON, and MAYOR DAVID OWEN, in their official and individual capacity,

      Defendants.

## SUMMONS

No.

04L 002517
CALENDAR B
OTHER PERSONAL INJ

Plaintiff Demands Trial By Jury

### SUMMONS

To each defendant:   Village of South Chicago Heights
3317 Chicago Road
South Chicago Heights, IL 60411

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at Richard J. Daley Center, 50 W. Washington, Room 2404, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

MAR 0 3 2004

WITNESS, _____

Atty. No.: 37499
Name:   Dana L. Kurtz
Atty. for:  Plaintiff
Address:  75 East Wacker Drive, Suite 700
City/State/Zip: Chicago, IL 60601
Telephone: 312.658.1212

DOROTHY BR___
___ OF CIRCUIT ___ Court

Date of service: _____
(To be inserted by officer on copy with defendant or other person)

SEAL

Service by Facsimile Transmission will be accepted at: _____
                                      (Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK ___ COURT OF COOK COUNTY, ILLINOIS

DEFENDANT'S
EXHIBIT
A
_____

03/24/2004 WED 11:18 FAX 708 1881    VILL. OF S. CHICAGHTS    ☑003

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

SANDRA L. VALENTINO and WILLIAM P.
BRAMANTI,

        Plaintiffs,

        v.

VILLAGE OF SOUTH CHICAGO HEIGHTS,
PAUL PETERSON, and MAYOR DAVID
OWEN, in their official and individual capacity,

        Defendants.

No.

04L 002317
CALENDAR B
OTHER PERSONAL INJ

Plaintiff Demands Trial By Jury

**JURY DEMAND**

<u>COMPLAINT</u>

NOW COMES Plaintiffs, SANDRA L. VALENTINO and WILLIAM P. BRAMANTI, by and through their attorneys, KURTZ LAW OFFICES, LLC, and complaining against Defendants, VILLAGE OF SOUTH CHICAGO HEIGHTS, and states:

1. Plaintiffs bring this action to redress the retaliatory acts of Defendants in response to Defendants' belief that Plaintiffs did and would expose Defendants' ghost payrolling practices, fraud, and other illegal and unlawful conduct, including retaliatory discharge against Plaintiff VALENTINO in violation of public policy under Illinois law (Count I); defamation and slander against Plaintiff BRAMANTI for speaking out about Defendants' ghost payrolling practices (Count II); and violations of Plaintiffs' First Amendment rights as protected under the United States Constitution for speaking out about matters of public concern (Count III).

2. Jurisdiction and venue of this Court are provided by 735 ILCS 5/2-101 and 735 ILCS 5/2-206.



DEFENDANT'S
EXHIBIT
B

## The Parties

3.      Plaintiff SANDRA L. VALENTINO was hired by Defendant Village of South Chicago Heights in or about 1989.

4.      Plaintiff WILLIAM P. BRAMANTI was hired by Defendant Village of South Chicago Heights in or about 1982.  On or about September 9, 2001, Plaintiff BRAMANTI resigned from the Village of South Chicago Heights.

5.      Defendant Village of SOUTH CHICAGO HEIGHTS (hereinafter "South Chicago Heights"), Cook County, Illinois, is an Illinois Municipal Corporation, and body politic organized and existing under the Constitution of the State of Illinois and laws of the State of Illinois, and is located within the geographical jurisdiction of this Court.

6.      At all times herein relevant, Defendant PAUL PETERSON was employed by SOUTH CHICAGO HEIGHTS as the Village Administrator, and as the Village Administrator was under the complete control and direction of Defendant SOUTH CHICAGO HEIGHTS and within the scope of his employment for the benefit of this Defendant.

7.      At all times herein relevant, Defendant DAVID OWEN was employed by SOUTH CHICAGO HEIGHTS as the Mayor, and as the Mayor was under the complete control and direction of Defendant SOUTH CHICAGO HEIGHTS and within the scope of his employment for the benefit of this Defendant.

8.      At all times herein relevant Defendant SOUTH CHICAGO HEIGHTS had a duty to abide by the laws and public policy of the State of Illinois.

9.      Defendant SOUTH CHICAGO HEIGHTS is responsible for the acts of the acts of its employees, supervisors, and agents, including acts within the scope of their employment.

10.      At all times herein relevant SOUTH CHICAGO HEIGHTS employed Plaintiff VALENTINO.

11.     At all times herein relevant, Plaintiff VALENTINO was adequately performing her duties for Defendant SOUTH CHICAGO HEIGHTS.

12.     At all times herein relevant Plaintiff VALENTINO has resided within Cook County, Illinois.

13.     At all times herein relevant Plaintiff BRAMANTI has resided within Cook County, Illinois.

## FACTS UPON WHICH CLAIMS ARE BASED

14.     At all times herein relevant, Plaintiff VALENTINO was aware of that Defendants engaged in, permitted, and condoned ghost payrolling, fraudulent billing practices, and other illegal and unlawful conduct.

15.     In or about November 2001, Defendant South Chicago Heights hired an employee and told Plaintiff VALENTINO that he was hired because he was the "vote getter."

16.     In or about September 2002, Plaintiff VALENTINO gave this employee a list of approximately 31 names of individuals who had not paid their water bills and whose water should have been shut off for non-payment. The employee failed to perform his duties in conducting the shut-offs for non-payment.

17.     Plaintiff VALENTINO complained to Defendant PETERSON and others that the employee was not fulfilling his assigned duties and was refusing to enforce compliance with shut off procedures and bill payment.

18.     Plaintiff again questioned the employee about enforcement of the unpaid water bills and the status of the shot-offs, to which he responded that he had not shut off anyone's water.

19.     Defendants PETERSON and OWEN condoned and consented to this employee's failure to ensure that certain individuals paid their water bills.

3

20.     On or about September 13, 2002, Plaintiff VALENTINO became aware that this employee had unlawfully closed on a home he had purchased, without receiving a final water bill, a final inspection, other certificates, and payment of escrow. When Plaintiff questioned the employee about the unlawfulness of this, he flew into a rage and responded: "deal with my attorney."

21.     Plaintiff VALENTINO again complained to Defendant PETERSON about what she believed to be fraudulent and unlawful practices.

22.     Within days, on or about September 18, 2002, Defendant PETERSON subjected Plaintiff VALENTINO to false and unwarranted disciplinary action without justification in retaliation for her complaints.

23.     In December 2002, Plaintiff VALENTINO began noticing that her paycheck was incorrect and did not reflect the correct number of hours worked. Plaintiff complained and requested to see her timesheets. Initially, Plaintiff's request was refused.

24.     Plaintiff VALENTINO also became aware that certain employees, including family members of Defendant OWEN, were getting paid for time that they had not worked.

25.     Defendant PETERSON and OWEN knew that Plaintiff VALENTINO was aware of these unlawful and ghost payrolling practices.

26.     Defendant SOUTH CHICAGO HEIGHTS discharged Plaintiff in that it believed that Plaintiff was going to and did disclose information that Defendants SOUTH CHICAGO HEIGHTS, PETERSON and OWEN were engaging in ghost payrolling and other fraudulent and illegal acts, and thereby unlawfully depleting public funds.

27.     On or about January 21, 2003, Plaintiff BRAMANTI sent to Defendant SOUTH CHICAGO HEIGHTS several Freedom of Information Act ("FOIA") Requests that sought documents and information to determine and disclose the fraud and ghost payrolling practices.

4

28.     On or about January 23, 2003, Plaintiff BRAMANTI sent another set of FOIA requests seeking information relating to what he believed would disclose fraud, unlawful water billing practices, and ghost payrolling.

29.     On or about January 30, 2003, Plaintiff BRAMANTI received a letter from Defendant PETERSON denying his FOIA request for time-cards and sign-in sheets for various employees and members of Defendant OWEN'S family who Plaintiffs believed were getting paid for hours that they had not worked.

30.     On or about February 3, 2003, Plaintiff BRAMANTI received another letter from Defendant PETERSON denying his FOIA request for payroll information.

31.     In late February 2003, Defendants became aware that Plaintiff VALENTINO was copying her timesheets and sign-in sheets and placing them in her desk drawer.

32.     On February 27, 2003, Plaintiff BRAMANTI sent another set of FOIA requests seeking information in an effort to uncover what Plaintiffs believed was fraudulent and unlawful conduct.

33.     On or about February 28, 2003, Plaintiff BRAMANTI sent a letter to the citizens of the Village of South Chicago Heights addressing the possible misappropriations of funds.

34.     On March 3, 2003, Plaintiff VALENTINO arrived at work only to find Defendant PETERSON standing by her desk. PETERSON told Plaintiff VALENTINO that she was being terminated for making copies of the sign-in sheets, which would have reflected in part the ghost payrolling practices and false personnel time of various employees, including members of Defendant OWEN'S family. Defendants took from Plaintiff's desk notes that she had been keeping regarding Defendants' fraudulent water billing practices.

35.     Defendant PETERSON made the decision to terminate Plaintiff VALENTINO at the direction of and/or with the consent of Defendant OWEN.

5

36.     Defendants terminated Plaintiff VALENTINO'S employment because they believed that Plaintiff VALENTINO had or would expose Defendants' ghost payrolling, fraudulent payments and overpayments to employees and purported employees of the Village of South Chicago Heights, fraudulent billing practices with respect to the Village's water bills and collection of payments, and other fraudulent and other unlawful conduct.

37.     Prior to this, Defendant PETERSON told another employee to watch what she said to and in front of Plaintiff VALENTINO because VALENTINO "would tell [BRAMANTI]".

38.     On or about March 11, 2003, Defendant OWEN sent a letter to citizens of the Village of South Chicago Heights defaming and slandering Plaintiff BRAMANTI, stating in part: "It strikes me as odd that these charges are likely coming from someone I had to fire because he wanted me to ghost payroll him." Defendant OWEN made these false statements to the public in retaliation for Plaintiff BRAMANTI'S attempts to discover and disclose the fraudulent and unlawful conduct by Defendants.

39.     In March 2003, subsequent to Plaintiff VALENTINO'S termination, Defendant OWEN again slandered and defamed Plaintiff BRAMANTI, sending out another letter to the citizens of the Village of South Chicago Heights that stated in part: "It is Mr. Bill Bramanti, the person who wanted me to ghost payroll him."

40.     Defendants SOUTH CHICAGO HEIGHTS and PETERSON were aware of and approved of Defendant OWEN'S conduct.

41.     In or about May 2003, Plaintiff BRAMANTI received a fraudulent bill for water services in excess of the actual amount owed. Defendants sent Plaintiff BRAMANTI this bill in retaliation for his attempts to disclose Defendants' unlawful practices.

42.    Defendants retaliated against other individuals and unlawfully threatened to shut off their water when in fact their water payments were current.

## COUNT I
### (Retaliatory Discharge)

### (Valentino v. South Chicago Heights)

43.    Plaintiff VALENTINO restates and realleges by reference paragraphs 1 through 42 as if fully set forth herein against Defendant SOUTH CHICAGO HEIGHTS.

44.    At all times herein relevant, it was the clear mandate of the public policy of the State of Illinois to protect citizens from retaliatory discharge for "whistle-blowing" and for complaining about fraudulent and unlawful practices.

45.    Defendant SOUTH CHICAGO HEIGHTS discharged Plaintiff in that it believed that Plaintiff was going to and did disclose information suggesting that Defendants SOUTH CHICAGO HEIGHTS, PETERSON and OWEN were engaging in fraudulent acts and authorizing and engaging in ghost payrolling, and thereby unlawfully depleting public funds.

46.    At all times herein relevant it was the duty of all employers employing persons in Illinois to refrain from terminating any of those persons for reasons that violated the clear mandate of public policy.

47.    At all times herein relevant, Defendant SOUTH CHICAGO HEIGHTS refused and failed to remedy the ghost payrolling and fraudulent practices of Defendants PETERSON, OWEN, and other employees.

48.    Plaintiff VALENTINO reasonably believed Defendants were engaging in ghost payrolling, defrauding the taxpayers of the Village of South Chicago Heights, and engaging in other unlawful practices.

7

49.    Defendant SOUTH CHICAGO HEIGHTS believed that Plaintiff was or would provide this information to the proper authorities and did disclose this information to others.

50.    The decision to terminate Plaintiff was made at the direction of and with the input of top personnel of Defendant SOUTH CHICAGO HEIGHTS because Defendants believed that Plaintiff was going to and did disclose information about Defendants' ghost payrolling practices and commission of fraud against the citizens and taxpayers of the Village of South Chicago Heights and other unlawful conduct.

51.    This termination was carried out by Defendant PETERSON on behalf of Defendant SOUTH CHICAGO HEIGHTS and with the direction and/or consent of Defendant OWEN.

52.    Defendant SOUTH CHICAGO HEIGHTS is guilty of one or more of the following acts:

    a.    Discharged Plaintiff VALENTINO in retaliation for her disclosing to others Defendants' fraud and unlawful conduct in engaging in ghost payrolling.

    b.    Discharged Plaintiff VALENTINO in retaliation for her opposing Defendants' illegal activity, that of Defendants submitting false and fraudulent timesheets and engaging in ghost payrolling practices, improper water billing practices and the failure and refusal to ensure compliance with payments, and other fraudulent and unlawful conduct in violation of Illinois law.

    c.    Discharged Plaintiff VALENTINO in retaliation for their belief that she had or would expose Defendants' ghost payrolling, fraudulent payments and overpayments to employees and purported employees of the Village of South Chicago Heights, and improper water billing practices, and other fraudulent and unlawful conduct.

    d.    Discharged Plaintiff VALENTINO in retaliation for other activities fulfilling a clear mandate of public policy.

53.     The above actions were committed intentionally, willfully, wantonly and/or with malice or with such gross negligence as to indicate an intentional and/or willful and wanton disregard for the rights of Plaintiff VALENTINO.

54.     As a direct and proximate result of one or more of the above mentioned acts, Plaintiff VALENTINO has in the past and will in the future suffer loss of employment, income, benefits and other emoluments of employment.

55.     As a direct and proximate result of one or more of the above mentioned acts, Plaintiff VALENTINO has in the past and will in the future suffer pain and suffering, distress, embarrassment, anguish and humiliation and damage to her reputation.

WHEREFORE, Plaintiff VALENTINO prays for judgment against Defendant SOUTH CHICAGO HEIGHTS in an amount in excess of $50,000 and such other relief as the Court deems just, proper and equitable, including but not limited to compensatory damages, future pecuniary losses, pre-judgment interest, reasonable attorneys' fees, costs, and litigation expenses.

## COUNT II
### (Defamation and Slander)

### (Bramanti v. All Defendants)

56.     Plaintiff BRAMANTI restates and realleges by reference paragraphs 1 through 42 as if fully set forth herein against Defendants VILLAGE OF SOUTH CHICAGO HEIGHTS, PAUL PETERSON, and MAYOR DAVID OWEN, in their official and individual capacity.

57.     The acts of Defendants as enumerated in the above paragraphs were intentional and purposeful with the intent of defaming and slandering Plaintiff BRAMANTI'S name and good reputation.

58.     The nature of the false statements by Defendants were harmful to Plaintiff BRAMANTI'S reputation because the false statements impute to Plaintiff the commission of

9

criminal and unlawful acts and a want of integrity, thereby making the statements defamatory *per se*; alternatively, the character of the false statements are defamatory *per quod.*

59.     Defendant OWEN'S statements were not reasonably related to his duties of Mayor of the Village of South Chicago Heights.

60.     As a result of the publication of false statements by Defendants, Plaintiff has suffered harm to his professional reputation, integrity, and harm, damages, lost wages, pain and suffering, emotional distress, embarrassment, humiliation.

61.     The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights, reputation.

WHEREFORE, Plaintiff BRAMANTI prays for judgment against Defendants SOUTH CHICAGO HEIGHTS, PETERSON, and OWEN in an amount in excess of $50,000 and such other relief as the Court deems just, proper and equitable, including but not limited to compensatory damages, punitive damages against the individual Defendants only, future pecuniary losses, pre-judgment interest, and as part of an award for punitive damages, reasonable attorneys' fees, costs, and litigation expenses.

## COUNT III

### (Violation of First Amendment, 42 U.S.C. § 1983, Free Speech)

### (Valentino and Bramanti v. All Defendants)

62.     Plaintiffs restate and realleges paragraphs 1 through 43 as if fully set forth herein as against Defendants VILLAGE OF SOUTH CHICAGO HEIGHTS, PAUL PETERSON, and MAYOR DAVID OWEN, in their official and individual capacity.

63.     Defendants intentionally retaliated against Plaintiff VALENTINO for complaining about what she believed to be fraudulent and unlawful practices.

64.    Defendants discharged Plaintiff VALENTINO in that they believed that Plaintiff was going to and did disclose information suggesting that Defendants were engaging in fraudulent acts and authorizing and engaging in ghost payrolling, and thereby unlawfully depleting public funds.

65.    Defendants retaliated against Plaintiff BRAMANTI by defaming and slandering his good name, reputation, and integrity.

66.    All of Plaintiffs' statements addressed constitutionally protected matters of public concern.

67.    The acts of Defendants as enumerated herein had the likely effect of chilling Plaintiffs' exercise of constitutionally protected speech.

68.    Defendants intentionally retaliated against Plaintiffs in violation of their constitutional rights guaranteed under the First Amendment to the United States Constitution.

69.    Defendants' actions reflect a policy, custom or pattern of official conduct of penalizing individual employees for exercising their right of free speech under the First and Fourteenth Amendment of the United States Constitution, and were committed, condoned, and perpetuated at the hands of policy makers and those to whom policy-making authority has been delegated.

70.    The actions of the Defendants against Plaintiffs violated their rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. §1983.

71.    Defendants acted under color of law.

72.    The actions of Defendants in intentionally engaging in retaliation against Plaintiff VALENTINO caused Plaintiff VALENTINO mental anguish, humiliation, degradation,

11

emotional pain and suffering, emotional distress, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

73.     The actions of Defendants in intentionally engaging in retaliation against Plaintiff BRAMANTI caused Plaintiff BRAMANTI mental anguish, humiliation, degradation, emotional pain and suffering, emotional distress, inconvenience, future pecuniary losses, and other consequential damages.

74.     The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. §1983 and the Civil Rights Act of 1991.

WHEREFORE, Plaintiffs seeks the following relief:

A.     All wages and benefits Plaintiff VALENTINO would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B.     Compensatory damages in an amount to be determined at trial;

C.     A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

D.     A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

E.     A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

F.     The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.     Punitive damages as allowed by law as against the individual Defendants;

H.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

I.     Such other relief as the Court may deem just or equitable.

Respectfully submitted,

Attorney for Plaintiffs SANDRA L.
VALENTINO and WILLIAM P.
BRAMANTI

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
75 East Wacker Drive, Suite 700
Chicago, Illinois 60601
Phone: 312.658.1212
Facsimile: 312.658.0484
Atty. No. 37499

13

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SANDRA L. VALENTINO and
WILLIAM P. BRAMANTI

**DEFENDANTS**

VILLAGE OF SOUTH CHICAGO HEIGHTS, PAUL
PETERSON and MAYOR DAVID OWEN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**04C 2373**

**JUDGE HIBBLER**

DOCKETED APR 0 1 2004

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kurtz Law Offices, LLC Dana L. Kurtz
75 East Wacker, Suite 700
Chicago, IL 60601

**MAGISTRATE JUDGE ASHMAN**

ATTORNEYS (IF KNOWN)

Dowd & Dowd, Ltd. Patrick J. Ruberry
55 West Wacker, Suite 1000
Chicago, IL 60601

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☒ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C.A. Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                    DOCKET NUMBER

DATE
March 30, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

SANDRA VALENTINO and WILLIAM BRAMANIT,
    Plaintiffs,
    v.
VILLAGE OF SOUTH CHICAGO HEIGHTS, PAUL PETERSON and
MAYOR DAVID OWEN,
    Defendants.

JURY DEMANDED

FILED-ED4

**04C 2373**

Case Number:

04 L 2517

JUDGE HIBBLER

DOCKETED

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:** APR 0 1 2004

DEFENDANT, VILLAGE OF SOUTH CHICAGO HEIGHTS

MAGISTRATE JUDGE ASHMAN

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| **SIGNATURE** | | | | **SIGNATURE** | | | |
| **NAME** Patrick J. Ruberry | | | | **NAME** | | | |
| **FIRM** Dowd & Dowd, Ltd. | | | | **FIRM** | | | |
| **STREET ADDRESS** 55 West Wacker, Suite 1000 | | | | **STREET ADDRESS** | | | |
| **CITY/STATE/ZIP** Chicago, IL 60601 | | | | **CITY/STATE/ZIP** | | | |
| **TELEPHONE NUMBER** (312) 704-4400 | | | | **TELEPHONE NUMBER** | | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6188844 | | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | | |
| **MEMBER OF TRIAL BAR?** | YES ☒ | NO ☐ | | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ | |
| **TRIAL ATTORNEY?** | YES ☒ | NO ☐ | | **TRIAL ATTORNEY?** | YES ☐ | NO ☐ | |
| | | | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | |

| (C) | | | | (D) | | | |
|---|---|---|---|---|---|---|---|
| **SIGNATURE** | | | | **SIGNATURE** | | | |
| **NAME** | | | | **NAME** | | | |
| **FIRM** | | | | **FIRM** | | | |
| **STREET ADDRESS** | | | | **STREET ADDRESS** | | | |
| **CITY/STATE/ZIP** | | | | **CITY/STATE/ZIP** | | | |
| **TELEPHONE NUMBER** | | | | **TELEPHONE NUMBER** | | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | | |
| **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ | | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ | |
| **TRIAL ATTORNEY?** | YES ☐ | NO ☐ | | **TRIAL ATTORNEY?** | YES ☐ | NO ☐ | |
| **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | |

1-3