THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA L. VALENTINO and WILLIAM P. BRAMANTI,<br><br>    Plaintiffs,<br>v.<br><br>VILLAGE OF SOUTH CHICAGO HEIGHTS, et al.,<br><br>    Defendants. | No. 04 C 2373<br><br>Honorable Judge William J. Hibbler |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS PETERSON AND OWENS'
REPLY IN SUPPORT OF THEIR BILL OF COSTS**

Now come Plaintiffs SANDRA L. VALENTINO and WILLIAM P. BRAMANTI, through their counsel, KURTZ LAW OFFICES, LLC, and file their motion to strike Defendants Peterson and Owen's (hereafter "Defendants") Reply in support of their Bill of Costs. While Defendants concede in their Reply that they sought to recover costs from Plaintiffs that they were not entitled to recover under Seventh Circuit case law, but sought them anyway, Defendants' Reply also includes reliance on new arguments and documents not submitted with Defendants' original Bill of Costs, and therefore, should be stricken. In support thereof, Plaintiffs state the following:

1. On October 27, 2006, Defendant Village of South Chicago Heights and the individual Defendants, Peterson and Owen, filed separate Bill of Costs. Defendants Peterson and Owen sought to recover $ 9,670.34 from Plaintiffs.

2. On November 8, 2006, this Court entered an Order relative to Defendants' Bill of Costs, setting Plaintiffs' responses to Defendants' Bill of Costs to be filed by November 29, 2006, and Defendants' Replies to be filed by December 13, 2006.

3. As presented in Plaintiff's Response to Defendants' Bill of Costs, Defendants failed to provide any documentation whatsoever of their costs. Not a single invoice, billing statement, third-party bill, receipt, or other document of any kind for any one of the expenses for which

they sought to recover was provided by Defendants. Defendants failed entirely to comply with the simple, practical requirements of recovering their costs, leaving Plaintiffs at a loss as to how to assess or challenge those costs. Defendants concede this fact.

4. Defendants, in a much belated attempt to correct their incurable error, improperly attach the invoices to their Reply, claiming that the Court should overlook their failure and consider the invoices now, depriving Plaintiffs of the opportunity to respond. Courts, including this Court, have routinely denied defendants' Bill of Costs for such failure to comply with § 1920, as this Court should do here. *See Stark v. PPM America, Inc.*, No. 01 C 1494, 2003 WL 21223268 at *8 (N.D.Ill. May 23, 2003) (Hibbler, J.); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988); *In Re Meyer*, No. 95 C 6639, 1998 WL 160989 (N.D. Ill. Apr. 1, 1998); *Fisher v. Chestnut Mountain Ski Corp.*, No. 98 C 50221, 2002 WL 1794238, * 2 (N.D. Ill. Aug. 5, 2002); *Harkins v. Riverboat Services, Inc.*, 286 F. Supp. 2d 976, 979 (N.D. Ill. 2003); *Arrington v. DaimlerChrysler Corp. et al.*, No. 03-C-50176 (N.D. Ill. Nov. 8, 2006) (attached to Plaintiffs' Response as Exhibit 1); *Webb v. DaimlerChrysler*, No. 03-C- 50177 (N.D. Ill. Nov. 8, 2006) (attached to Plaintiffs' Response as Exhibit 2).

5. In *Stark*, this Court denied the defendant's Bill of Costs, for the same reasons Defendants' Bill of Costs should be denied in this case, in its entirety, stating:

> Defendants have given the Court absolutely no basis to analyze the reasonableness of their requests or the necessity of the costs for which they seek reimbursement. Despite this deficiency, the Court will briefly examine the defendants' requests. Regarding depositions and related travel expenses, defendants have not provided any evidence as to the nature of the depositions or their use in the case. Regarding the copying of documents, defendants provide no information about what was copied or how the copies were used. Further, defendants did not give the Court any information to determine the necessity of the photocopies. Consequently, defendants' requests for deposition (and related travel expenses) and copying costs are denied. . . . Therefore and for the above reasons, defendants' request for non-taxable costs in the amount of $71,168.59 is denied in its entirety.

2003 WL 21223268 at *8.

2

6. Defendants Bill of Costs and all supporting documentation was required to be filed within 30 days from the entry of judgment in this case by October 27, 2006, not in their Reply filed on December 13, 2006. Because Defendants failed to file a Bill of Costs with the required supporting documentation by October 27, 2006, Defendants' Bill of Costs should be denied.

7. Rather than attaching invoices and supporting documentation to their Bill of Costs, as they were required *but failed* to do, they now attach several invoices as Exhibit A to their Reply seeking recovery of $5,601.85 for deposition transcripts.

8. The Seventh Circuit has repeatedly held that new arguments and supporting documents raised in a Reply must not be considered. *See, e.g., Marie O. v. Edgar,* 131 F.3d 610, 614 n. 7 (7th Cir. 1997); *United States v. Magana,* 118 F.3d 1173, 1198 n. 15 (7th Cir. 1997); *see also Jones v. Ameriquest Mortg. Co.,* No. 05-CV-0432, 2006 WL 273545, *1 (N.D. Ill. Jan 31, 2006) ("a party may not present facts for the Court's consideration in a reply brief"). Because Defendants attached invoices to their Reply and not to their original Bill of Costs, they deprived Plaintiff of making any arguments or contesting the invoices themselves. *Boyer v. Canterbury School, Inc.,* 2005 WL 2370232 (N.D. Ind. Sep 27, 2005) (*citing Wilson v. O'Leary,* 895 F.2d 378, 384 (7th Cir. 1990); *Egert v. Conn. Gen. Life Ins. Co.,* 900 F.2d 1032, 1035 (7th Cir. 1990)) ("It is unfair because it deprives the non-moving party of an opportunity to respond. Because of this unfairness, the Seventh Circuit has deemed waived any arguments not made in the opening brief, even if raised in reply.") Therefore, Defendants' Reply and their Exhibit A attached thereto should be stricken, and because Defendants failed to attach any supporting documentation to their Bill of Costs, their Bill of Costs should be denied altogether. *See Stark*; *Congregation of the Passion*; *In Re Meyer*; *Fisher*; *Harkins*; *Arrington*; *Webb; supra.*

9. Defendants further concede that they did not provide any supporting documentation for the purported photocopying costs in the alleged amount of $393.99. (*See* Defs.' Reply ¶ 3.) Defendants offer "[i]f the Court wishes, defendants are willing to submit copies of those invoices

3

to the Court for its review." However, the wealth of case law in this District provides that Defendants cannot recover for costs that are not supported by documentation. *Stark; Congregation of the Passion,* 854 F.2d at 222; *In Re Meyer,* 1998 WL 160989 ("Exemplification costs will only be awarded where the documentation indicates the nature of what was copied.. . ."); *Fisher,* 2002 WL 1794238, at * 2 ("Defendant has failed to explain why the copies listed as copying documents produced by plaintiffs were necessary for use in the case"); *Harkins,* 286 F. Supp. 2d at 979 ("When the costs can not be obtained reasonably by reference to supporting documentation, the costs as requested can not be awarded.").

10. The Court cannot simply take Defendants word for it that they expended these costs or that these costs were authorized or justified or necessary under § 1920. Because Defendants failed to provide any support for their claimed costs, Defendants' Bill of Costs should be denied. *See Stark*; *Congregation of the Passion*; *In Re Meyer*; *Fisher*; *Harkins*; *Arrington*; *Webb*; *supra.*

11. If the Court is inclined to consider the invoices attached to Defendants' Reply, Plaintiff respectfully requests leave to file a Sur-Reply setting forth the reasons for which the Court should deny the Costs as referenced in the invoices.

12. As a final matter, Defendants concede that they improperly sought to recover costs from Plaintiffs in this case for purported costs they knew they could not recover – *e.g.*, legal research and costs not supported by documentation – completely ignoring this Court's holding in *Stark* and Seventh Circuit case law. As such, Defendants' Bill of Costs should be denied in its entirety. *See Stark*, 2003 WL 21223268 at *8 ("It is well established that costs associated with computerized legal research are not considered 'costs' but rather part of the attorney's fees award.") (Hibbler, J.) (citing *Haroco, Inc. v. American Natl. Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440-41 (7th Cir.1994)).

4

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Strike Defendants Peterson and Owen's Reply in support of their Bill of Costs;

B. Deny Defendants Peterson and Owen's Bill of Costs for their failure to provide proper itemization, documentation, or other support for its claimed costs as required by applicable law; and

C. In the alternative, if the Court is inclined to consider the new arguments and new documents attached to Defendants' Reply that were not included in Defendants' Bill of Costs, Plaintiffs request leave to file a Sur-Reply; and

D. Grant Plaintiffs such other relief that is just and equitable.

Respectfully Submitted,

SANDRA L. VALENTINO and
WILLIAM P. BRAMANTI

**s/ Dana L. Kurtz**
_____

*Electronically filed on December 26, 2006*
Plaintiffs' Attorney

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us